Minute Order Form (06/97)

JS6

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Geraldine Soat Brown | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 99 C 2842 | **DATE** | 9/18/2001 |
| **CASE TITLE** | Krus et al. Vs. Harrah's Casino et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Defendants' motion for summary judgment [19-1] is granted as to both Count I and Count II of the plaintiffs' complaint. Defendants' motion to strike Paragraphs 5, 7 and 10 of the Affidavit of Mary Krus [22-1] is denied as moot. Judgment is entered in favor of Defendants and against Plaintiffs on both Counts of the Complaint. Costs are to be taxed in favor of Defendants and against Plaintiffs. Enter Memorandum Opinion and Order. /s/ Geraldine Soat Brown

(11) ■ For further detail see order attached to the original minute order.

| | No notices required, advised in open court. | | | **Document Number** |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | SEP 19 2001 | 33 |
| | Notified counsel by telephone. | | date docketed | |
| | Docketing to mail notices. | | 15 | |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | FILED FOR DOCKETING 01 SEP 18 PM 1:55 | | |
| kf | courtroom deputy's initials | | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

DOCKETED
SEP 19 2001

| | |
|---|---|
| MARY KRUS, et al.<br>Plaintiffs,<br><br>v.<br><br>HARRAH'S CASINO, et al.,<br>Defendants. | Cause No. 99 C 2842<br><br>Magistrate Judge Geraldine Soat Brown |

## MEMORANDUM OPINION AND ORDER

This case coming to be heard on Defendants' Motion for Summary Judgment [Dkt # 19], the Court having reviewed the memoranda of law and materials submitted by the parties and having heard the arguments of counsel, for the reasons set out below, Defendants' Motion for Summary Judgment is GRANTED as to both Count I and Count II of the plaintiffs' complaint. Defendants' Motion to Strike Paragraphs 5, 7 and 10 of the Affidavit of Mary Krus [Dkt # 22] is DENIED AS MOOT.

### JURISDICTION

Plaintiffs Mary Krus and Walter Krus (collectively "Plaintiffs") allege that there is diversity jurisdiction pursuant to 28 U.S.C. § 1332 because they are citizens of New Jersey who assert a claim in excess of $75,000, and the Defendants are citizens of Illinois. (Compl. ¶ 1 [Dkt # 6].) Defendants admit that the parties are of diverse citizenship and that the claim seeks in excess of $75,000, but assert that federal jurisdiction exists pursuant to 28 U.S.C. §1333 because this claim is governed by maritime law. (First Am. Answer to Compl. ¶ 1 [Dkt # 9].) Because jurisdiction exists pursuant to

1

33

§ 1332, it is unnecessary to decide if jurisdiction also exists pursuant to § 1333. *See Weaver v. Hollywood Casino-Aurora, Inc.*, 255 F. 3d 379 (7th Cir. 2001).

## THE PARTIES' STATEMENTS OF FACTS PURSUANT TO LOCAL RULE 56.1 AND MRS. KRUS' AFFIDAVIT

Pursuant to Local Rule 56.1, Defendants filed a Statement of Uncontested Facts [Dkt # 21], which, in essence, states the following. Plaintiffs Mary and Walter Krus, who are wife and husband, filed this lawsuit on October 1, 1998, to recover damages for personal injuries purportedly sustained by Mrs. Krus on October 6, 1996, while she was a passenger on the gaming vessel Northern Star, which is owned and operated by defendant Harrah's Illinois Corporation. Mr. and Mrs. Krus, who reside in New Jersey, were traveling across the United States when they stopped in Joliet, Illinois. They arrived at Harrah's Joliet Casino in the afternoon, and thereafter began gaming on board the Northern Star. Prior to boarding the vessel, Mrs. Krus received a cruise passage ticket and waited in line to board the vessel. She believes that she read the ticket prior to boarding, but does not remember the contents. Mrs. Krus relinquished the ticket upon boarding the vessel. She played slot machines for approximately 45 minutes, then went with her husband to the third level outside weather deck. Mrs. Krus claims that while on the weather deck she caught her right foot on some kind of metal object. Her husband caught her immediately as she began to fall. She received medical treatment for her ankle on board the vessel. She refused transport to a local hospital. There are no known witnesses to the accident other than Plaintiffs. The lighting conditions on the deck were sufficient at the time of the accident, there were clear weather conditions, and Plaintiffs could see with no difficulty.

Plaintiffs submitted a Response that admitted the facts in Defendants' Statement, except that

Plaintiffs attempted to "clarify" Defendants' ¶ 18, and set out six additional factual statements that Plaintiffs claim are uncontested. (Pl.'s [sic] Local Rule 56.1 Resp. to Def.'s [sic] Statement of Uncontested Facts and Pl.'s [sic] Statement of Uncontested Facts.) Contrary to the requirements of the Local Rules for this District Court, Plaintiffs' "clarification" and statements include no specific references to the record to support the asserted facts. Local Rule 56.1(b)(3)A requires a party responding to a motion for summary judgment to include "a response to each numbered paragraph in the moving party's statement, including, in the case of any disagreement, specific references to the affidavits, parts of the records, and other supporting materials relied upon. . . ." The non-moving party's statement of additional facts must be similarly supported. Local Rule 56.1(b)(3)(B). The Court of Appeals for the Seventh Circuit has "consistently and repeatedly upheld a district court's discretion to require strict compliance with its local rules governing summary judgment." *Bordelon v. Chicago School Reform Board of Trustees*, 233 F.3d 524, 527 (7th Cir. 2000)(citing cases). Accordingly, pursuant to the Local Rule, the Court disregards Plaintiffs' purported "clarification" and Plaintiffs' asserted additional statements of fact.[1]

Plaintiffs also submitted the Affidavit of Mary Krus, attaching a copy of a small credit card-sized document as Exhibit A and four photographs as Exhibit B. In the relevant parts of her affidavit Ms. Krus states the following. She received a ticket to enter the boat immediately before she and her husband went to stand in line to board the boat. They stood in line more than ten minutes but less than an hour. (Defendants have moved to strike that portion.) When she got on the boat, she gave her ticket to Harrah's ticket taker and got nothing in return. She does not remember reading

---

[1] Plaintiffs never filed their Response as required by Local Rule 56.1. That is an additional reason why that Response is disregarded.

3

the ticket, she had the ticket in her possession for maybe a half-hour, and she was not aware of any time limit to bring a claim. (Defendants have moved to strike that portion.) The only document that she retained was the document copied as Exhibit A to her affidavit. The color pictures attached as Exhibit B show the areas of the deck where she fell and the steel piece on the floor where she caught her foot. (Defendants have moved to strike that portion.) She and her husband were leaning against the wall shown in the picture, she turned around, took a step or two and "caught my foot in the metal rod sticking up." (Krus Aff. ¶ 11.)

Defendants argue that the parts of Mary Krus' affidavit that they have moved to strike contradict her deposition testimony and therefore are not entitled to consideration. In her deposition, Mrs. Krus was asked whether she read the ticket, and responded, "I could have looked at it, but I don't recall what it said." (Mary Krus Dep., Ex. C to Defs.' Mem. Law in Supp. Defs.' Mot. S. J. ("Defs.' Mem.") [Dkt # 20] at 16.) She also testified that she did not recall how long she waited in line. (*Id.* at 14-15.) When asked at her deposition about photographs purportedly depicting the area where she fell, all she could recall was "a black square like this that my foot got trapped in." (*Id.* at 28.)[2] She could not recall how many "black squares" there were, and she could not remember which "black square" her leg went into. (*Id.*)

"As a general rule, the law of this circuit does not permit a party to create an issue of fact by submitting an affidavit whose conclusions contradict prior deposition or other sworn testimony." *Buckner v. Sam's Club, Inc.* 75 F.3d 290, 292 (7th Cir. 1996). In this case, Mrs. Krus' affidavit is more definite than her vague recollections at her deposition. However, it is not necessary to

---

[2] Whether the photographs attached as Exhibit B to Mrs. Krus' affidavit are the same photographs marked as deposition exhibits 2 and 3 is not stated.

4

determine whether the affidavit contradicts her prior testimony in a manner that justifies striking the disputed paragraphs because, as discussed *below*, even considering the affidavit, Plaintiffs have not demonstrated that there is an issue of fact. Therefore, Defendants' motion to strike the portions of Mrs. Krus' affidavit is denied as moot.

Defendants also filed a "Supplemental Local Rule 56.1 Statement of Uncontested Facts" [Dkt # 24], following which the Plaintiffs filed "Plaintiffs' Response to Defendants Supplemental Local Rule 56.1 Statement of Uncontested Facts." [Dkt. # 30.] Neither side sought leave of court to file those documents, which are not authorized by Local Rule 56.1. Accordingly, both of these documents are disregarded.[3]

## ANALYSIS

Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). In determining whether a genuine issue of material fact exists, the court must construe all facts and draw all reasonable and justifiable inferences in favor of the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). However, the court "is not required to draw unreasonable inferences from the evidence." *St. Louis N. Joint Venture v. P & L Enters., Inc.*, 116 F.3d 262, 265 n. 2 (7th Cir. 1997). The initial burden is on the moving party to demonstrate, "with or without supporting affidavits," the absence of a genuine issue of material fact and that judgment

---

[3] Even if the Supplemental Statement and Response thereto were considered, they add nothing further because they essentially retrod the Defendants' initial Statement and rehash the implications to be drawn from Mrs. Krus' deposition testimony.

5

as a matter of law should be granted in the moving party's favor. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the moving party has met the initial burden, the opposing party must support its contentions with admissible evidence and may not rest upon the mere allegations in the pleadings or conclusory statements in affidavits. *Id* at 324. The non-moving party must designate specific facts showing that there is a genuine issue for trial. *Id*. It is not the duty of the court to scour the record in search of evidence to defeat a motion for summary judgment; rather, the non-moving party bears the responsibility of identifying the evidence upon which it relies. *Bombard v. Fort Wayne Newspapers, Inc.*, 92 F.3d 560, 562 (7th Cir. 1996). "[N]either 'the mere existence of some alleged factual dispute between the parties'. . . nor the existence of 'some metaphysical doubt as to the material facts,' is sufficient to defeat a motion for summary judgment." *Chiaramonte v. Fashion Bed Group, Inc.*, 129 F.3d 391, 395 (7th Cir. 1997)(quoting *Anderson*, 477 U.S. at 247 and *Matushita Electrical Industrial Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986)).

### *Count I: Mrs. Krus' claim for negligence.*

Defendants argue that summary judgment is appropriate as to Count I, Mrs. Krus' claim of negligence, for two reasons: First, Mrs. Krus failed to file her suit within a year of the occurrence; and second, Mrs. Krus has failed to come forward with facts demonstrating negligence. Plaintiffs dispute both arguments.

### *1. Defendants' One-Year Limitation Argument.*

Although Defendants argue that Mrs. Krus' claim is time barred by the "one-year limitation period under 46 U.S.C. § 183b(a)" (Defs.' Mem. at 5), there is no one year limitation on claims in that statute. Instead, the statute *forbids* the owner of a "sea-going vessel" to provide by rule, contract

6

or otherwise a limitation for filing suits on claims of less than a year. 46 U.S.C. § 183b(a).[4] Defendants argue that they established such a one-year limitation by including an "incorporation statement" on the front side of the ticket, which refers the passenger to the actual limitation provisions printed elsewhere on the ticket. (Defs.' Mem. at 6.) Defendants include as Exhibit D to their Memorandum a copy of a ticket of the type that they claim was issued to Mrs. Krus. The ticket states on the side that has the date, "NOTE: Passengers are advised to read the terms and conditions of the passenger contract ticket set forth on the reverse side." (Defs.' Mem., Ex. D.) On the reverse are seven "terms and conditions" including the following:

> No suit or action at law for any cause against the carrier with respect to personal injury, property damage or loss shall be maintainable unless such suit or action is commenced within one (1) year from the day when the personal injury, property damage or loss of passenger occurred, not withstanding any provision of law of any state or country to the contrary. Passenger agrees that any such suit or action shall occur solely in and before a court located in the state of Illinois.

(*Id.*)

A passenger is bound by the terms of the passage contract if the terms are "reasonably communicated." *Thompson v. Ulysses Cruises, Inc.*, 812 F. Supp. 900, 902 (S.D. Ind. 1993)(discussing cases). The "reasonable communicativeness" test simply requires the carrier to use reasonable means to communicate to the passenger the importance of the ticket provisions. *Id.* Courts apply a two-pronged test to determine whether the carrier made a reasonable effort to warn passengers of a time limitation clause contained in its carrier contract. *Id.* at 903. The first prong considers the manner in which the crucial language is presented in the ticket. *Id.* The second prong examines the extrinsic factors surrounding the purchase and retention of the ticket. *O'Connell v.*

---

[4] The concept is that the Northern Star was on "the navigable waterways of the Des Plaines River" and, therefore is a "sea-going vessel." Defs.' L.R. 56.1 Statement of Uncontested Facts ¶2.

*Norwegian Caribbean Lines*, 639 F. Supp. 846 (N.D. Ill. 1986). Regardless of whether Harrah's ticket passes the first prong, the record fails to establish that it passes the second prong. The second prong examines factors such as "the passenger's familiarity with the ticket, the time and incentive under the circumstances to study the provisions of the ticket, and any other notice that the passenger received outside the ticket." *Kendall v. American Hawaii Cruises*, 704 F. Supp. 1010, 1015 (D. Haw. 1989). Although the parties dispute the exact amount of time that Mrs. Krus waited in line and held the ticket, it is undisputed that she did not have it before she came to the casino that day, and she was required to surrender it to Harrah's ticket taker before she entered the boat. Defs' L.R. 56.1 Statement of Uncontested Facts ¶¶ 14, 16. Unlike the plaintiffs in each of the cases cited in Defendants' Memorandum (at 10-13), Mrs. Krus was not permitted to retain the document that contained the limitation because Defendants' agents took the ticket as she was boarding the boat. Thus, Mrs. Krus did not have an opportunity to consult the limitation language after the incident occurred and the limitation became relevant.

> [T]he circumstances surrounding the passenger's purchase and subsequent retention of the ticket/contract may be of equal importance as the prominence of warnings and clarity of conditions in deciding whether a provision should be held to bind a particular passenger. Although a passenger may almost never read all of the fine print on the ticket upon purchase, or as pleasure reading in the berth the first night at sea, the same passenger might very well be expected to consult the multifarious terms and conditions of the ticket/contract in the event of an accident resulting in a loss or injury.

*Shankles v. Costa Armatori, S.P.A.*, 722 F. 2d 861, 865 (1st Cir. 1983). Defendants have not demonstrated that Mrs. Krus received reasonable notice of the limitation. *Stevens v. Harrah's Illinois Corp.*, No.96 C 8016, 1999 WL 639182, *3 (N.D. Ill. Aug. 17, 1999)(Williams, J.). Thus, Defendants are not entitled to summary judgment on the ground that Mrs. Krus' claim is time-barred.

*2. Plaintiffs have failed to come forward with any evidence of negligence.*

A shipowner is not the insurer of the passengers' safety. *Monteleone v. Bahama Cruise Line, Inc.*, 838 F. 2d 63, 65 (2d Cir. 1988). Under maritime law, there must be some failure to exercise due care before liability is imposed. *Id.* In addition, a shipowner is liable for defective conditions aboard ship only when it has actual or constructive notice of them. *Id.* Plaintiffs must produce some evidence to show negligence on the part of the Defendants, other than the fact that Mrs. Krus hurt her ankle on some object on board the boat. Plaintiffs have failed to do so.[5]

At her deposition, Mrs. Krus described the incident as follows:

> And if I remember, we turned around and I think there was a bar or a pole or something there and then I took two or three steps. We were heading toward the back turning around heading the other way and my foot got caught in some kind of metal object.

(Krus Dep. at 23.)

[Mrs. Krus]: The top of my ankle saddled the bar. My foot was in the way.

Q. So the top of your right foot went under whatever it was.

A. Yes.

Q. And then the bar that's in one of those black squares caught up against your right ankle.

A. I believe so.

(Krus Dep. at 31.)

The only materials have been submitted in connection with the issue of negligence are Mrs.

---

[5] In this case, where it is undisputed that the injury took place on navigable waters, federal maritime law governs the substantive issues, even if the basis for federal jurisdiction is diversity of citizenship. *Everett v. Carnival Cruise Lines*, 912 F.2d 1355, 1358 (11th Cir.1990)(citing cases). However, Plaintiffs would have the same burden, if not greater, if the law to be applied were Illinois common law tort liability. *See Nickel v. Hollywood Casino-Aurora, Inc.*, 730 N.E.2d 1212, 1214-15 (Ill. App. 2d Dist. 2000), *appeal denied*, 738 N.E. 2d 928 (Ill. 2000).

Krus' affidavit, discussed above, and the transcript of her deposition.[6] Significantly, there is no evidence in any form–affidavit, stipulation, deposition testimony, response to request to admit or answer to interrogatory–describing with any specificity the item that Plaintiffs believed caused Mrs. Krus' injury. Even if Mrs. Krus' affidavit were considered, the description of the item in that affidavit is limited to "the steel piece on the floor where I caught my foot" and a "metal rod sticking up." (Krus Aff. ¶¶ 10, 11.) Plaintiffs attach four photographs to Mrs. Krus' affidavit, but provide no further description of what is depicted.

Plaintiffs argue that the piece of metal on which Mrs. Krus tripped was "a specific part of the ship, placed there by design, for the purpose of anchoring a liquor bar to the deck and securing it to the moving, rolling deck of the ship." (Pls.' Br. Opp'n Defs' Mot. S. J. ("Pls.' Br.") at 6.) However, there is no *evidence* in the record to support Plaintiffs' argument. It is sheer speculation. They also ask the Court to conclude "from the photographs alone" that the "condition" existed for a sufficient period of time so that the ship's company would have been aware of its existence. (Pls' Br. at 7.) That is also sheer speculation.

Plaintiffs do not suggest any reason why, in this two-year-old lawsuit, they have not submitted any evidence, for example, the deposition of an agent of the Defendants, describing the item and its purpose, or why they have not submitted any testimony or expert's report expressing an opinion that this condition reflects negligence. Plaintiffs never requested relief pursuant to Fed. R.

---

[6] A transcript of a tape-recorded telephone conversation between Mrs. Krus and a claim investigator for Harrah's is attached to Mrs. Krus' deposition. (Dep. Ex. 1 to Krus Dep., Defs' Mem, Ex. C.) Although portions of this transcript might be used by the Defendants under F. R. Evid. 801(d)(2) as an admission by a party-opponent, Plaintiffs do not suggest any basis for its admissibility on their behalf. Furthermore, at most, the transcript contains an interjection by a male voice (presumably, Mr. Krus) that the item was hook-shaped about 6 inches by 3 inches. Mrs. Krus apparently had little or no recollection.

Civ. P. 56(f) to take additional discovery in order to respond to Defendants' motion for summary judgment. Instead, they ask the Court to speculate about the nature, composition, size and purpose of the "black squares" and "metal rods" that Mrs. Krus believes she tripped on (although she is not sure which one of the "black squares" it was), and to infer negligence from that speculation.

The Plaintiffs have simply failed to sustain their burden on Defendants' motion for summary judgment. Accordingly, summary judgment is granted in favor of Defendants on Count I.

### 2. Count II: Mr. Krus' claim for loss of consortium.

Plaintiffs make no argument or other effort to defend Count II against Defendants' argument that a claim for loss of consortium is not recognized under maritime law. (Defs.' Mem. at 13-14.) However, it is not necessary to decide that issue, because Count II is clearly derivative of Count I. Summary judgment having been granted in favor of Defendants on Count I, summary judgment is also granted in favor of Defendants on Count II.

## CONCLUSION

For the foregoing reasons, Defendants' Motion for Summary Judgment is GRANTED. Defendants' Motion to Strike Paragraphs 5, 7 and 10 of the Affidavit of Mary Krus is DENIED as moot. Judgment is entered in favor of Defendants and against Plaintiffs on both Counts of the Complaint. Costs are to be taxed in favor of Defendants and against Plaintiffs.

**IT IS SO ORDERED.**

/GERALDINE SOAT BROWN
United States Magistrate Judge

**DATED: September 18, 2001**